UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MELITA WILLOUGHBY | : | CIVIL NO.: 3:14CV608 |
| | : | |
| VS. | : | |
| | : | |
| YALE UNIVERSITY | : | MAY 5, 2014 |

## C O M P L A I N T

1. This is an action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, to redress the deprivation by the defendant of rights secured to the plaintiff by the laws of the United States.

2. Jurisdiction of this court is invoked under the provisions of Sections 1331 and 1343(3) of Title 28 and Section 2000e of Title 42 of the United States Code.

3. During all times mentioned in this action, the plaintiff was, and still is, an adult citizen of the United States residing in the State of Connecticut. She is a female.

4. During all times mentioned in this action, the defendant was and is an educational corporation chartered by the State of Connecticut. It is and at all relevant times was an employer within the meaning of the aforesaid statutes and

at all relevant times employed more than one hundred individuals.

5.  The plaintiff has complied with all of the procedural prerequisites to suit under the statutes aforementioned, having filed a timely complaint of discrimination with the United States Equal Employment Opportunity Commission on or about May 25, 2011, and having received a Right to Sue Letter issued by the said Commission on April 23, 2014.

6.  The plaintiff was hired by the defendant's security department as a casual employee on October 14, 2008.

7.  The plaintiff thereafter consistently worked a 40-hour-per-week schedule and additionally worked overtime when requested to do so.

8.  The plaintiff had perfect work attendance, did not take any unauthorized time off from work, was never verbally reprimanded and never had any written warnings in her personnel file.

9.  Security Operations Assistant Director Daniel Kellen personally chose the plaintiff to assist the defendant's President's Box for assigned seating and security for the special guest attending the 2010 Commencement.  Her professionalism during that assignbment was acknowledged by Lauralee Field, Assistant Secretary, Office of the Vice President.

10.  The plaintiff's position was changed from casual employee to full-time permanent employee on or about September 14, 2010.

11. After September 14, 2010, the plaintiff was required by her position to work evening hours in an all-male culture.

12. Two male transit dispatchers named Manuel Rivera and Edward Fusco could not accept the fact that the plaintiff was a female and consistently subjected the plaintiff to rude and inappropriate remarks and to disparate treatment such as being denied dinner breaks, restroom breaks or the state-mandated fifteen-minute break.

13. The plaintiff complained about the aforesaid gender-based hostility to Supervisor Richard Nucci on multiple occasions. Nucci listened to recordings of radio transmissions which confirmed the plaintiff's allegations.

14. A male security officer named Peter Leonardo subjected the plaintiff to severe sexual harassment. Among other things, he called her a "fucking rat-bitch." When she took a bathroom break, he shouted at her, in front of a group of male officers: "Are you going to change your tampon?" When she returned from her break, she discovered that her intimate personal belongings had been opened and tampered with. She complained about these matters to her then-supervisor, Billy Abbott, who alerted Assistant Director Daniel Killen. Later, when she repeated her complaint to Supervisor Nucci, he cut her off and told her he did not want to hear about anything that happened before he became Supervisor. Nucci was a close friend of Peter Leonardo.

15. In November 2010, Supervisor Nucci told the plaintiff that she should not be making complaints about harassment in an uncertain economy and while on probation for her permanent position. Shortly thereafter, the plaintiff met with Human Resources Generalist Kristen Albis to repeat her complaint of gender discrimination and, over her objection, Supervisor Nucci sat in on the meeting.

16. The defendant terminated the plaintiff's employment on December 6, 2010, two weeks after the meeting with Albis and Nucci.

17. As an excuse, the defendant cited a minor motor vehicle accident involving the plaintiff. Several other security officers, employed by the defendant and similarly situated to the plaintiff, were involved in comparable or worse accidents and were not terminated. Those officers include Judith Ocasio-Rivera, Cruz Costello and George Fusco.

18. The excuse offered by the defendant for terminating the plaintiff was false and a pretext for unlawful retaliation.

19. In the manner described above, the defendant terminated the plaintiff's employment in retaliation for her complaints about sexual harassment and discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*

20. As a result, the plaintiff has suffered economic losses and emotional distress.

WHEREFORE, the plaintiff claims judgment against the defendant as follows:

A. Compensatory damages in an amount this court shall consider to be just, reasonable and fair;

B. Punitive damages in an amount this court shall consider to be just, reasonable and fair;

C. Attorney fees and the costs of this action;

D. A temporary and permanent injunction requiring the defendant forthwith to restore the plaintiff to her former position with full retroactive pay and benefits;

E. Such other relief as this court shall consider to be fair and equitable.

**The plaintiff claims trial by jury.**

        THE PLAINTIFF

BY: _____/s/_____ (ct00215)
      JOHN R. WILLIAMS (ct00215)
      51 Elm Street
      New Haven, CT 06510
      203-562-9931
      Fax: 203-776-9494
      jrw@johnrwilliams.com
      Her Attorney