UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MELITA WILLOUGHBY : | CIVIL ACTION NO. |
| : | 3:14CV608 (JCH) |
| PLAINTIFF : | |
| : | |
| v. : | |
| : | |
| YALE UNIVERSITY : | |
| : | MAY 19, 2014 |
| DEFENDANT : | |

### ANSWER AND SPECIAL DEFENSE OF DEFENDANT, YALE UNIVERSITY

The defendant, Yale University, hereby answers the plaintiff's Complaint dated May 5, 2014.

### ANSWER

1-2.    The defendant admits that the court has jurisdiction over this matter, but denies that plaintiff has any valid claim against the defendant.

3-6.    Paragraphs 3 through 6 are admitted.

7.    The defendant admits that the plaintiff generally worked a 40 hour week and occasionally worked overtime.

8.    The allegations contained in paragraph 8 are denied as stated. Defendant admits that the plaintiff had satisfactory work attendance and had no written warnings in her personnel file. However, she was counseled on two occasions.

9.    The allegations contained in paragraph 9 are admitted.

10. The defendant admits that the plaintiff applied to become a full-time employee and her application was granted on or about September 14, 2010.

11. The allegations contained in Paragraph 11 are denied, except to admit that since plaintiff applied to work on the evening shift, that position did in fact require her to work evening hours.

12. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the two dispatchers, but notes that the plaintiff made no complaint about any such treatment until filing her complaint with the Connecticut Commission on Human Rights & Opportunities.

13. Paragraph 13 is denied.

14. The allegations contained in Paragraph 14 are denied as stated. Defendant admits that at various times the plaintiff complained about prior interactions she had had with Peter Leonardo, but never suggested that she was a victim of sexual harassment. Defendant denies or information to form a belief as to the truth of the allegation that the plaintiff made any complaint to Mr. Abbott, who has not been employed by the University for several years. Defendant denies the plaintiff made any such complaints to Mr. Killen. Defendant also denies that Mr. Nucci refused to listen to her complaints, and further denies that Mr. Nucci was a close friend of Peter Leonardo.

15.     Defendant denies that Mr. Nucci told the plaintiff that she should not be making complaints in an uncertain economy while she was on probation.  Defendant admits that Mr. Nucci suggested a meeting with Human Resources Generalist Kristen Albis and attended that meeting.  Defendant denies that the plaintiff objected to Mr. Nucci participating in the meeting which he suggested.

16.     The allegations contained in Paragraph 16 are denied as stated.  It is admitted that plaintiff's employment was terminated on December 6, 2010, approximately three weeks after a meeting among the plaintiff, Mr. Nucci and Ms. Albis on November 17, 2010.

17-20. The allegations contained in Paragraphs 17 through 20 are denied.

## SPECIAL DEFENSE

Some of the conduct alleged by plaintiff's complaint occurred prior to November 25, 2010, i.e. more than 180 days prior to the filing of the plaintiff's complaint with the administrative agency on May 24, 2011.  Accordingly, those allegations are outside the statute of limitations.

                                        THE DEFENDANT
                                        YALE UNIVERSITY


                                By:_____/s/_____
                                        PATRICK M. NOONAN – CT00189
                                        Donahue, Durham & Noonan, P.C.
                                        Concept Park, Suite 306
                                        741 Boston Post Road
                                        Guilford, CT  06437
                                        Telephone:  (203) 458-9168
                                        Fax:  (203) 458-4424
                                        Email:  pnoonan@ddnctlaw.com

## CERTIFICATION

I hereby certify that on May 19, 2014, a copy of the foregoing Appearance was filed electronically and served by mail on anyone unable to accept electronic mail. Notice of this filing was sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated in the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                        /s/
                                      PATRICK M. NOONAN