UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MELITA WILLOUGHBY | : | |
| | : | |
| VS. | : | NO. 3:14cv608(JCH) |
| | : | |
| YALE UNIVERSITY | : | MAY 26, 2014 |

## REPORT OF PARTIES' PLANNING  MEETING

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and Local Civil Rule 16, undersigned counsel for the parties conferred on May 21, 2014.  The participants were **John R. Williams** for the plaintiff; and **Patrick M. Noonan** for the defendant.

I.  CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

1

II.  JURISDICTION

    A.  SUBJECT MATTER JURISDICTION

The basis for the court's subject matter jurisdiction is Sections 1331 and 1343(3) of Title 28 and Section 2000e of Title 42 of the United States Code.

    B.  PERSONAL JURISDICTION

Personal jurisdiction is not contested.

III.  BRIEF DESCRIPTION OF CASE

    A.  CLAIMS OF PLAINTIFF:

During all times mentioned in this action, the plaintiff was, and still is, an adult citizen of the United States residing in the State of Connecticut.  She is a female.   During all times mentioned in this action, the defendant was and is an educational corporation chartered by the State of Connecticut.  It is and at all relevant times was an employer within the meaning of the aforesaid statutes and at all relevant times employed more than one hundred individuals.  The plaintiff has complied with all of the procedural prerequisites to suit under the statutes aforementioned, having filed a timely complaint of discrimination with the United States Equal Employment Opportunity Commission on or about May 25, 2011, and having received a Right to Sue Letter issued by the said Commission on April 23, 2014.

The plaintiff was hired by the defendant's security department as a casual

2

employee on October 14, 2008.  The plaintiff thereafter consistently worked a 40-hour-per-week schedule and additionally worked overtime when requested to do so.  The plaintiff had perfect work attendance, did not take any unauthorized time off from work, was never verbally reprimanded and never had any written warnings in her personnel file.  Security Operations Assistant Director Daniel Killen personally chose the plaintiff to assist the defendant's President's Box for assigned seating and security for the special guest attending the 2010 Commencement.  Her professionalism during that assignment was acknowledged by Lauralee Field, Assistant Secretary, Office of the Vice President.  The plaintiff's position was changed from casual employee to full-time permanent employee on or about September 14, 2010.

After September 14, 2010, the plaintiff was required by her position to work evening hours in an all-male culture.   Two male transit dispatchers named Manuel Rivera and Edward Fresco could not accept the fact that the plaintiff was a female and consistently subjected the plaintiff to rude and inappropriate remarks and to disparate treatment such as being denied dinner breaks, restroom breaks or the state-mandated fifteen-minute break.  The plaintiff complained about the aforesaid gender-based hostility to Supervisor Richard Nucci on multiple occasions.  Nucci listened to recordings of radio transmissions which confirmed the plaintiff's allegations.  A male security officer named Peter

3

Leonardo subjected the plaintiff to severe sexual harassment.  Among other things, he called her a "fucking rat-bitch."  When she took a bathroom break, he shouted at her, in front of a group of male officers: "Are you going to change your tampon?"  When she returned from her break, she discovered that her intimate personal belongings had been opened and tampered with.  She complained about these matters to her then-supervisor, Billy Abbott, who alerted Assistant Director Daniel Killen.  Later, when she repeated her complaint to Supervisor Nucci, he cut her off and told her he did not want to hear about anything that happened before he became Supervisor.  Nucci was a close friend of Peter Leonardo.

In November 2010, Supervisor Nucci told the plaintiff that she should not be making complaints about harassment in an uncertain economy and while on probation for her permanent position.  Shortly thereafter, the plaintiff met with Human Resources Generalist Kristen Albis to repeat her complaint of gender discrimination and, over her objection, Supervisor Nucci sat in on the meeting. The defendant terminated the plaintiff's employment on December 6, 2010, two weeks after the meeting with Albis and Nucci.  As an excuse, the defendant cited a minor motor vehicle accident involving the plaintiff. Several other security officers, employed by the defendant and similarly situated to the plaintiff, were involved in comparable or worse accidents and were not terminated.  Those

4

officers include Judith Ocasio-Rivera, Cruz Costello and George Fusco.  The excuse offered by the defendant for terminating the plaintiff was false and a pretext for unlawful retaliation.  In the manner described above, the defendant terminated the plaintiff's employment in retaliation for her complaints about sexual harassment and discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*  As a result, the plaintiff has suffered economic losses and emotional distress.

B.  DEFENSES AND CLAIMS:

The defendant denies that it violated any of the plaintiff's Title VII rights and further asserts that some of her allegations are untimely.

IV.  STATEMENT OF UNDISPUTED FACTS:

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state that the following material facts are undisputed:

1.  During all times mentioned in this action, the plaintiff was, and still is, an adult citizen of the United States residing in the State of Connecticut.  She is a female.

2.  During all times mentioned in this action, the defendant was and is an educational corporation chartered by the State of Connecticut.  It is and at all relevant times was an employer within the meaning of the aforesaid statutes and

at all relevant times employed more than one hundred individuals.

3.  The plaintiff has complied with all of the procedural prerequisites to suit under the statutes aforementioned, having filed a timely complaint of discrimination with the United States Equal Employment Opportunity Commission on or about May 25, 2011, and having received a Right to Sue Letter issued by the said Commission on April 23, 2014.

4.  The plaintiff was hired by the defendant's security department as a casual employee on October 14, 2008.

5.  The plaintiff generally worked a 40-hour week and occasionally worked overtime.

6.  The plaintiff had satisfactory work attendance and had no written warnings in her personnel file.

7.  Security Operations Assistant Director Daniel Killen personally chose the plaintiff to assist the defendant's President's Box for assigned seating and security for the special guest attending the 2010 Commencement.  Her professionalism during that assignment was acknowledged by Lauralee Field, Assistant Secretary, Office of the Vice President.

8.  The plaintiff applied to become a full-time employee and her application was granted on or about September 14, 2010.

9.  The plaintiff's position required her to work evening hours.

6

10.  At various times the plaintiff complained about prior interactions she had had with Peter Leonardo.

11,  The plaintiff met with Human Resources Generalist Kristen Albis and Mr. Nucci attended that meeting.

12.  The plaintiff's employment was terminated on December 6, 2010, approximately three weeks after a meeting among the plaintiff, Mr. Nucci and Ms. Albis on November 17, 2010.

V.  CASE MANAGEMENT PLAN:

A.  STANDING ORDER ON SCHEDULING IN CIVIL CASES

The parties request a modification of the deadlines in the Standing Order On Scheduling In Civil Cases as follows:

B.  SCHEDULING CONFERENCE WITH THE COURT

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C.  EARLY SETTLEMENT CONFERENCE

1.  The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is unlikely at this time.

2.  The parties do not request an early settlement conference.

3.  The parties prefer a settlement conference with a United States

7

Magistrate Judge.

4.  The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

E.  JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS

1.  The pleadings are closed.

F.  DISCOVERY

1.  The parties anticipate that discovery will be needed on the following subjects: All of the plaintiff's claims, all of the affirmative allegations of the defense, prior history of the parties, damages.

2.  All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced immediately, and completed by May 1, 2015.

3.  Discovery will not be conducted in phases.

4.  The parties anticipate that the plaintiff will require a total of five depositions of fact witnesses and the defendants will require a total of five depositions of fact witnesses.  The depositions will commence immediately, and be completed by May 1, 2015.

5.  The parties may request permission to serve more than twenty-five interrogatories.

6.  Plaintiff will designate all trial experts and provide opposing

8

counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by January 1, 2015.  Depositions of any such experts will be completed by April 1, 2015.

      7.  Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by February 1, 2015.  Depositions of such experts will be completed by May 1, 2015.

      8.  A damages analysis will be provided by any party who has a claim or counterclaim for damages by September 15, 2014

      9.  The undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information.  Following is the position of each party:

The parties agree to preserve electronically stored records (as they may exist)

retroactive to the date of the first event alleged in the Complaint.  The parties will reach further agreement on exactly the form the disclosure of the electronic information will take.  Both sides agree to instruct the parties to preserve these records. As more information becomes available, the parties will reach an agreement on costs of the electronic discovery.

   10. The undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privileged or work-product protection, including procedures for asserting privilege claims after production. Pursuant to Federal Rule of Evidence 502(e), the parties expressly agree that the inadvertent production of privileged information will not constitute a waiver of the privilege. The parties agree to the following procedures for asserting claims of privilege after production: if any information that is privileged or subject to work-product protection is disclosed, the party to whom it is disclosed will notify opposing counsel immediately, and the disclosing party will have 30 days to assert the privilege and seek the return of the information. The party to whom the information is disclosed agrees not to review the information after recognizing that a privilege or work-production protection applies and further not to duplicate that information or further disclose it. The parties further agree to utilize Local Rule 26(e)'s privilege log under that rule's terms and conditions, with exceptions noted therein, and further agree to work with each other in good faith to avoid

any discovery dispute. In the event that any information that is privileged or subject work-product protection is disclosed, Federal Rule 26(b) (5) (B) shall control.

G.  DISPOSITIVE MOTIONS:

Dispositive motions will be filed on or before June 1, 2015.

H.  JOINT TRIAL MEMORANDUM

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by July 1, 2015, or thirty days after this court rules on any summary judgment motion filed by the defendants, whichever is later.

IV.  TRIAL READINESS

The case will be ready for trial by August 1, 2015, or thirty days after the joint trial memorandum is filed, whichever is later.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

11

THE PLAINTIFF


BY:_____/s/_____
         JOHN R. WILLIAMS (ct00215)
         51 Elm Street
         New Haven, CT 06510
         203.562.9931
         Fax:  203.776.9494
         jrw@johnrwilliams.com
         Her Attorney


THE DEFENDANT


BY:_____/s/_____
         PATRICK M. NOONAN (ct00189)
         Donahue, Durham & Noonan, PC
         Concept Park, Suite 305
         741 Boston Post Road
         Guilford, CT 06437
         (203) 458-9168
         Fax: (203) 458-4424
         Email: pnoonan@ddnctlaw.com
         Its Attorney