UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MELITA WILLOUGHBY | : | CIVIL ACTION NO. |
| | : | 3:14CV608 (XH) |
| PLAINTIFF | : | |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| | : | |
| DEFENDANT | : | |
| | : | OCTOBER 27, 2015 |

**REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

In her opposition to the defendant's motion for summary judgment, the plaintiff does not contest the defendant's arguments that most, if not all, of her complaints do not constitute protected activity and that retaliation was not the but-for cause of the plaintiff's termination. Instead, she makes a single argument in opposition to the defendant's motion for summary judgment: "There is sufficient circumstantial evidence of a causal connection between the time the plaintiff went to Human Resources, that is, *she sought assistance outside of her working group*, to complain of sexual harassment and a hostile working environment, and the pattern of write ups and a negative evaluation, to raise material issues of fact concerning causal connection and pretext by the defendant employer in its justification of the termination." (Emphasis in original) (Pl.'s Memo. in Opp. to Def.'s Mot. for Summ. J., at p. 12.) The defendant submits that the plaintiff has not satisfied her burden to prove that the defendant's

legitimate, non-retaliatory reason for the plaintiff's termination was false and that the real reason was retaliation.

On the issues of causation and pretext, the plaintiff relies on the temporal relationship between her complaints to the Human Resources Department and her termination.[1] It is well settled that "[t]he temporal proximity of events may give rise to an inference of retaliation for the purposes of establishing a prima facie case of retaliation under Title VII, but without more, such temporal proximity is insufficient to satisfy appellant's burden to bring forward some evidence of pretext." El Sayed v. Hilton Hotels Corp., 627 F.3d 931, 933 (2d Cir. 2010). Thus, the plaintiff cannot rely solely upon the temporal relationship between her complaints to the Human Resources Department and her termination. It also should be noted that five of the eight incidents in which the plaintiff exhibited poor performance occurred prior to the plaintiff's October 29, 2010 meeting with the Human Resources Department.[2] See, Exhibits B, C, D, and E to the Affidavit of Daniel Killen. Thus, there can be no claim that the defendant fabricated those incidents because of the plaintiff's complaints to the Human Resources Department.

Although not explicit, the plaintiff appears to argue that the defendant's legitimate, non-retaliatory reason for the plaintiff's termination, i.e., her poor work performance, is false, and that pretext can be inferred. (Pl.'s Memo. in Opp. to Def.'s Mot. for Summ. J., at pp. 8-11.)

---

[1] This argument ignores the fact that the plaintiff complained to her supervisors, her supervisors investigated the complaints, and largely found them unfounded. When the complaints merited further action, such action was taken.

She claims that she never received any counseling or reprimand during the two years she worked as a casual employee, but was "written up numerous times" by her supervisors during her probationary period. (Pl.'s Memo. in Opp. to Def.'s Mot. for Summ. J., at p. 10.) These statements seem to imply that it is suspect that she was written up numerous times when she became a full-time employee because she had not received any counseling or reprimands as a casual employee. In this regard, it is significant that the plaintiff's job duties as a casual employee were different than her duties as a full-time employee. While a casual employee, the plaintiff patrolled the canal area in Science Park for approximately one year. Thereafter she was moved to the Yale Health Plan and worked third shift patrolling the facility while it was under construction to deter unauthorized access. She did not drive transit vehicles. (Depo. Melita Willoughby February 10, 2015, at pp. 50, 55-57.) Thus, she had minimal contact with other individuals. Her full-time position, however, involved patrolling at one of the residential colleges two nights a week and transporting students and faculty three nights a week. (Depo. Melita Willoughby February 10, 2015, at pp. 86-87.) Therefore, her contact with the Yale community greatly increased. In addition, the need for her to interact with her co-workers increased, as she received her driving assignments from them. Four of the incidents demonstrating the plaintiff's poor work performance involved her interactions with the Yale community and/or her operation of the transit vehicles. The remaining four incidents involved her interactions and relationships with her supervisors and co-workers.

---

[2] One incident occurred on October 29, 2010 and the remaining two incidents occurred thereafter. See, Exhibits F, I, and J to the Affidavit of Daniel Killen; Depo. Melita Willoughby February 10, 2015, at pp. 65-68.

See, Exhibits B, C, D, E, F, I and J; Depo. Melita Willoughby February 10, 2015, at pp. 65-68.

Significantly, the plaintiff does not argue that the incidents for which she was "written up" did not occur. Indeed, while she disagreed with other individuals' accounts of the incidents in some cases, the plaintiff admitted in her deposition that the incidents had occurred. (Depo. Melita Willoughby February 10, 2015, at pp. 65-68, 72-85, 89-98, 109-11, 214-17; Depo. Melita Willoughby May 20, 2015, at pp. 86-88, 105-118, 120-122.) The fact that the plaintiff did not agree that her conduct was unacceptable and warranted discipline is not enough to establish pretext. The plaintiff was aware that she could be terminated for poor performance during her probationary period, and indeed agreed that terminating an employee for unsatisfactory performance was reasonable. (Depo. Melita Willoughby February 10, 2015, at p. 62.)

## CONCLUSION

As explained in the defendant's Memorandum of Law in Support of Defendant's Motion for Summary Judgment, the plaintiff cannot establish that she engaged in protected activity or that retaliation was the but-for cause of her termination. The plaintiff has not contested those arguments. In addition, the plaintiff has not produced any evidence demonstrating that the defendant's legitimate, non-retaliatory reason for her termination was pretextual. Therefore, the plaintiff cannot prevail on her retaliation claim and judgment should enter in favor of the defendant.

DEFENDANT, YALE UNIVERSITY


By: /s/ ct18777
    BROCK T. DUBIN (ct18777)
    COLLEEN NOONAN DAVIS (ct27773)
    DONAHUE, DURHAM & NOONAN, P.C.
    Concept Park, Suite 306
    741 Boston Post Road
    Guilford, CT   06437
    Telephone:  (203) 458-9168
    Fax:  (203) 458-4424
    Email:  bdubin@ddnctlaw.com

## **CERTIFICATION**

I hereby certify that, on the above written date, a copy of the foregoing Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment was filed electronically and served by mail on anyone unable to accept electronic mail. Notice of this filing was sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated in the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____/s/_____
BROCK T. Dubin