UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MELITA WILLOUGHBY | : | NO. 3:14CV608 (XH) |
| | : | |
| PLAINTIFF | : | |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| | : | May 10, 2016 |
| DEFENDANT | : | |

## MOTION FOR PERMISSION TO AMEND
## JOINT TRIAL MEMORANDUM

The defendant, Yale University, hereby moves for permission to file the attached Amended Joint Trial Memorandum. The revisions to the Joint Trial Memorandum include only three additional exhibits which the defendant may offer into evidence at the time of trial. Counsel for the plaintiff has no objection to the granting of this motion.

The undersigned represents that the subject exhibits have been provided to counsel for the plaintiff for her review. The undersigned further represents that the each of the exhibits were authored by either the plaintiff or her counsel. The subject exhibits are (1) the complaint filed in the United States District Court in the above matter, (2) the Affidavit filed with the Commission on Human Rights and Opportunities and (3) an email authored by the plaintiff.

DEFENDANT
YALE  UNIVERSITY


By:_____/s/_____ct18777_____
　　　BROCK T. DUBIN
　　　DONAHUE, DURHAM & NOONAN, P.C.
　　　Concept Park, Suite 306
　　　741 Boston Post Road
　　　Guilford, CT   06437
　　　Telephone:  (203) 458-9168
　　　Fax:  (203) 458-4424
　　　Email:  bdubin@ddnctlaw.com

## CERTIFICATION

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

/s/ (ct18777)
Brock T. Dubin

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| MELITA WILLOUGHBY | : | NO. 3:14CV608 (XH) |
|  | : |  |
| PLAINTIFF | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| YALE UNIVERSITY | : |  |
|  | : | May 10, 2016 |
| DEFENDANT | : |  |

### JOINT TRIAL MEMORANDUM

1.     **TRIAL COUNSEL:**

Katrena Engstrom
Law Offices of John R. Williams
51 Elm Street
New Haven, CT 06510
Telephone:  (203) 562-9931
Fax: (203)776-9494
kengstrom@johnrwilliams.com

Brock T. Dubin
Donahue, Durham & Noonan, P.C.
Concept Park, Suite 306
741 Boston Post Road
Guilford, CT   06437
Telephone:  (203) 458-9168
Fax: (203) 458-4424
Email:  bdubin@ddnctlaw.com

**2.     JURISDICTION:**

The basis for the court's subject matter jurisdiction is Sections 1331 and 1343(3) of Title 28 and Section 2000e of Title 42 of the United States Code.

**3.     JURY/NON-JURY:**

Jury.

**4.     LENGTH OF TRIAL:**

5 days.

**5.     FURTHER PROCEEDINGS:**

None.

**6.     NATURE OF CASE:**

**a.     all parties and all claims alleged in the complaint, being sure to specify who asserts which claim(s) against whom;**

The plaintiff, Melita Willoughby, claims that the defendant, Yale University, terminated her employment in retaliation for her complaints of gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 200e, et seq.     The plaintiff intends to pursue this single claim at trial.

The defendant intends to prove that the plaintiff did not engage in a protected activity. Defendant further intends to prove that the plaintiff was terminated not in retaliation for making complaints of gender discrimination but rather because she had multiple disciplinary issues during her probationary period.

**b.     the claims that will be pursued at trial.**

The plaintiff, Melita Willoughby, claims that the defendant, Yale University, terminated her employment in retaliation for her complaints of gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 200e, et seq.     The plaintiff intends to pursue this single claim at trial.

The defendant intends to prove that the plaintiff did not engage in a protected activity. Defendant further intends to prove that the plaintiff was terminated not in retaliation for

making complaints of gender discrimination but rather because she had multiple disciplinary issues during her probationary period.

    **c.**    **the defenses that will be pursued at trial, specifically noting any special defenses and to what count they relate.**

The defendant intends to prove that the plaintiff did not engage in a protected activity. Defendant further intends to prove that the plaintiff was terminated not in retaliation for making complaints of gender discrimination but rather because she had multiple disciplinary issues during her probationary period.

    **d.**    **an agreed, brief joint statement of the case that may be read to the jury.**

The plaintiff was hired by defendant as a causal employee on October 14, 2008.  The plaintiff then applied for and accepted a full time position with defendant on September 14, 2010.  The plaintiff, like all new employees, was on a probationary status for 90 days. During this 90 day period plaintiff had multiple disciplinary issues.

**7.**    **TRIAL BY MAGISTRATE JUDGE:**

The parties consent to a trial by Magistrate Judge.

**8.**    **LIST OF WITNESSES**

**List of witnesses definitely to be called by defendant.**

**Richard Nucci**
Security Supervisor 3
79 Howe Street
New Haven, CT 06511-2106

Mr. Nucci will testify as to the allegations set forth in the plaintiff's complaint.  Mr. Nucci will further testify that the plaintiff was terminated while on her probationary period as a result of poor performance.  It is expected that Nucci's testimony will last approximately 3 hours.

**Paul Gallipoli**
Security Supervisor
79 Howe Street
New Haven, CT 06511-2106

Mr. Gallipoli will testify as to the allegations set forth in the plaintiff's complaint. Mr. Gallipoli will further testify that the plaintiff was terminated while on her probationary period as a result of poor performance.  It is expected that Mr. Gallipoli's testimony will last approximately 3 hours.

**Kristen Albis-Maloney**
Senior Human Resources Generalist
221 Whitney Avenue
New Haven, CT 06511-3760

Ms. Maloney will testify as to the allegations set forth in the plaintiff's complaint. Ms. Maloney will further testify that the plaintiff was terminated while on her probationary period as a result of poor performance.  It is expected that Ms. Maloney's testimony will last approximately 3 hours.

**Francisco Ortiz**
Sorrento, FL 32776

Mr. Ortiz will testify as to the allegations set forth in the plaintiff's complaint.  Mr. Ortiz will further testify that the plaintiff was terminated while on her probationary period as a result of poor performance.   It is expected that Mr. Ortiz's testimony will last approximately 3 hours.

**Daniel Killen**
Director Security Operations
79 Howe Street
New Haven, CT 06511-2106

Mr. Killen will testify as to the allegations set forth in the plaintiff's complaint.  Mr. Killen will further testify that the plaintiff was terminated while on her probationary period as a result of poor performance.   It is expected that Mr. Killen's testimony will last approximately 3 hours.

**Witnesses who may be called by defendant**

> **Manuel Rivera**
> Transit Dispatcher
> 79 Howe Street
> New Haven, CT 06511-2106

Mr. Rivera will respond to plaintiff's allegations that he was rude or inappropriate to her over dispatch and/or was purposely sending her to incorrect addresses. Mr. Rivera will deny the plaintiff's claims. It is expected that Mr. Rivera's testimony will last approximately 3 hours.

> **Reginald Chavis**
> Security Supervisor 3
> 79 Howe Street
> New Haven, CT 06511-2106

Mr. Chavis will testify as to the allegations set forth in the plaintiff's complaint. Mr. Chavis will further testify that the plaintiff was terminated while on her probationary period as a result of poor performance. It is expected that Mr. Killen's testimony will last approximately 3 hours.

**9.   DEPOSITION TESTIMONY:**

No witness is expected to testify by deposition.

**10.   INTERROGATORIES/REQUESTS TO ADMIT:**

N/A.

**11.   EXHIBITS:**

**The defendant intends to object to the following exhibits: 13,**

| # | Document |
|---|---|
| 1 | Yale University Pay Stud- October 8, 2008 |
| 2 | Certification of Completion, International Police Mountain Bike Association Training Course, July 9, 2009 |
| 3 | Personnel File letters of thanks to plaintiff for her service e October 2008, May 2009, June 2010 |
| 4 | Yale university Notice of Employment dated September 14, 2010 |
| 5 | Email string dated October 1 through 3, 2010 RE: Radio dispatch issues |
| 6 | Email dated October 6, 2010 from Richard Nucci to Daniel Killen and Francisco Ortiz |
| 7 | Email dated October 29, 210 from Paul Gallipoli to Kristen Albis (Maloney) and Richard Nucci |

| 8 | Connecticut Police Accident Report dated November 12, 2010 |
|---|---|
| 9 | Plaintiffs Statement dated November 12, 2010 |
| 10 | Email dated November 20, 2010 from Paul Gallipoli to Ortiz, Killen, Albis Maloney RE: Driving complaint |
| 11 | Email dated November 30, 2010 from Paul Gallipoli to Killen Re: Follow up to Willoughby transit complaint |
| 12 | Letter dated December 6, 2010 from Francisco Ortiz to plaintiff terminating her employment with Yale |
| 13 | Ahold USA's 2007 and 2008 evaluation of plaintiff as store detective by Edward McGrath, supervisor |
| 14 | W-2 forms 2009-2015 |
| 15 | Tax return 2011 |
| 16 | Email between Paul Gallipoli/ Daniel Killen/ Francisco Ortiz/Rick Maffel dated September 25, 2010 regarding a complaint about Melita Willoughby from a student of rude and unprofessional behavior |
| 17 | Kristen Albis handwritten notes from meeting with Richard Nucci regarding issues with Melita Willoughby on October 7, 2010 |
| 18 | Email between Richard Nucci/ Kristen Albis/ Daniel Killen/ Francisco Ortiz dated October 8, 2010 regarding continuing conflict between Melita Willoughby and Pete Leonardo |
| 19 | Email between Paul Gallipoli/ Richard Nucci dated October 28, 2010 regarding issues Melita Willoughby had with Pete Leonardo/ Manny Rivera |
| 20 | Yale University Memorandum from Richard Nucci to Daniel Killen dated November 9, 2010 regarding several negative situations during the probation period of Melita Willoughby |
| 21 | Yale University Memorandum from Daniel Killen to File dated November 9, 2010 regarding the work performance of Melita Willoughby |
| 22 | Yale University Memorandum from Richard Nucci to Meilta Willoughby dated November 11, 2010 regarding concerns and future expectations |
| 23 | Yale University Memorandum from Richard Nucci to Pete Leonardo dated November 11, 2010 regarding concerns and future expectations |
| 24 | Email between Richard Nucci/ Daniel Killen/ Kristen Albis dated November 11, 2010 regarding threatening comments by Melita Willoughby |
| 25 | Kristen Albis handwritten notes from meeting with Richard Nucci regarding concerns about Melita Willoughby and comments made by her |
| 26 | Yale University Risk Management Notice of Loss November 12, 2010 regarding Willoughby's vehicle making contact with a parked vehicle |
| 27 | Email between Blanche Temple/ Francisco Ortiz/ Kristen Albis dated December 1, 2010 regarding Melita Willoughby listening to music on ear phones while on duty |
| 28 | Email from Richard Nucci to Daniel Killen dated December 7, 2010 regarding Melita Willoughby's rude and confrontational behavior with a Dean |
| 29 | Email between Kristen Albis/ Francisco Ortiz/ Daniel Killen dated December 14, 2010 regarding no evidence of wrong doing after review of all audio tapes between Melita Willoughby and dispatch |
| 30 | Yale University Policies and Procedures |
| 31 | Unemployment 1099 from 2010 |
| 32 | Tax return from 2012 |
| 33 | Tax return from 2014 |
| 35 | Tax return from 2015 |
| 34 | Signal 88 Screenshot of 2014 Gross wages |
| 36 | Yale Unemployment summary |

| 37 | Audio recording to Dispatch Re: Complaint regarding Melita Willoughby's driving |
| 38 | Melita Willoughby Affidavit to CHRO dated May 24, 2011 |
| 39 | Complaint filed in United States District Court dated May 5, 2014 |
| 40 | Email between Melita Willoughby and Janet Lindner dated December 15, 2010 regarding termination questions |

**12.     ANTICIPATED EVIDENTIARY PROBLEMS:**

None.

**13.     MOTIONS IN LIMINE:**

N/A.

**14.     GLOSSARY:**

N/A.

**15.     TRIAL TO COURT/JURY:**

**A.     A written stipulation of uncontroverted facts**

1.     The plaintiff was hired by the defendant as a casual employee on October 14, 2008.

2.     Defendant hired plaintiff into a full-time position on September 14, 2010.

3.     As a new full-time employee, plaintiff was on probationary status for the first 90 calendar days of her employment.  Pursuant to Yale University's policies and procedures, if for any reason it is determined that the plaintiff is not suited for work, she was subject to termination without cause.

4.     On September 24, 2010, a student complained to Supervisor Paul Gallipoli about the plaintiff's conduct while driving the student to her apartment.  The student never wanted to be picked up by the plaintiff again.

5.     On September 25, 2010, the plaintiff could not be located for a two hour period while on duty.

6.     On September 30, 2010, the plaintiff was irate and rude towards Supervisor Richard Nucci over the telephone.  During that conversation, the plaintiff

stated: "I'm just going to wait until my 90 days are up before blowing the lid on this place." She also accused Security Officer Peter Leonardo of engaging in "Nazi practices."

7.  On October 1, 2010, the plaintiff's supervisor reported that she was sitting in her car for two hours on duty not taking any calls. However, because she was new to the position, defendant treated it as a "teaching moment" and advised plaintiff that she must use the proper procedure when she comes on shift. It was also noted that during this interaction that she had poor interpersonal and social skills.

8.  On October 6, 2010 during roll call, the plaintiff's supervisor noted a conflict between plaintiff and a fellow officer.

9.  On October 23, 2010, plaintiff reported that she felt she was being intentionally misdirected by a fellow officer in dispatch. Upon investigation, it was discovered this was simply typographical error. During this interaction again it was noted that most interactions with plaintiff are negative on her part and she seems to think things are being done purposely to make her fail

10. On October 29, 2010 while plaintiff and her supervisor were conducting post checks, plaintiff was rude and unprofessional to the Dean of Davenport College.

11. On November 9, 2010, Richard Nucci completed a 30 Day Employee Performance Review of the plaintiff and rated her performance as "Less-than-Effective." He described several negative situations involving the plaintiff, such as an ongoing conflict with Security Officer Peter Leonardo, an altercation with a student, conflicts with Transit Dispatcher Manual Rivera, inappropriate behavior towards her supervisors, and a two hour time frame where she could not be located while on duty.

12. On November 11, 2010, the plaintiff was given a written memo documenting defendant's concerns with her work performance.

13. On November 11, 2010, the plaintiff made a threatening remark to her supervisor concerning a fellow employee while on duty.

14. On November 12, 2010, the plaintiff was involved in a motor vehicle accident while on duty, for which she was at fault.

15.     On November 19, 2010, Supervisor Paul Gallipoli received a complaint from a member of the public, Major Nelson, that the plaintiff while on duty cut him off in her vehicle while he was driving down York Street.

16.     The plaintiff was terminated on December 6, 2010, during her probationary period, based upon the evaluation of her performance as a Security Officer.

17.     Subsequent to her termination from Yale University, the plaintiff began working for a new employer.  She separated from her new employment on May 21, 2015.

18.     The plaintiff is not seeking any lost wages beyond May 21, 2015.

**B.      An agreed statement of the contested issues of fact and law.**

    **b.      Jury:**

        **(1)      Proposed Voir Dire Questions: See Exhibit A attached hereto.**

        **(2)      Proposed Jury Instructions: See Exhibit B attached hereto.**

        **(3)      Jury Interrogatories: See Exhibit C attached hereto.**

16.    **MANDATORY NOTICE RE: USE OF ELECTRONIC EQUIPMENT IN COURTROOM:**

The defendant has given notice to the Deputy Clerk assigned to Judge Hall (Diahan Lewis) that he will require the use of a CD and/or MP3 player, and that he is and will be familiar with at the start of trial.

PLAINTIFF MELITA WILLOUGHBY

BY:_____/s/_____

Kit  Enstrom
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax: 203.776.9494
jrw@johnrwilliams.com

DEFENDANT
YALE  UNIVERSITY

By:_____/s/____ct18777_____

BROCK T. DUBIN
DONAHUE, DURHAM & NOONAN, P.C.
Concept Park, Suite 306
741 Boston Post Road
Guilford, CT  06437
Telephone: (203) 458-9168
Fax: (203) 458-4424
Email: bdubin@ddnctlaw.com

## CERTIFICATION

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____/s/ (ct18777)_____

Brock T. Dubin