UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MELITA WILLOUGHBY | NO. 3:14CV608 (XH) |
| PLAINTIFF | |
| v. | |
| YALE UNIVERSITY | MAY 18, 2016 |
| DEFENDANT | |

## SECOND AMENDED JOINT TRIAL MANAGEMENT REPORT

1.   **TRIAL COUNSEL:**

>John R. Williams
>Katrena Engstrom
>Rose Longo-McLean
>Joseph M. Merly
>John R. Williams and Associates, LLC
>51 Elm Street
>New Haven, CT 06510
>Telephone: (203) 562-9931
>Fax: (203)776-9494
>kengstrom@johnrwilliams.com

>Brock T. Dubin
>Donahue, Durham & Noonan, P.C.
>Concept Park, Suite 306
>741 Boston Post Road
>Guilford, CT 06437
>Telephone: (203) 458-9168
>Fax: (203) 458-4424
>Email: bdubin@ddnctlaw.com

2.  **JURISDICTION:**

The basis for the court's subject matter jurisdiction is Sections 1331 and 1343(3) of Title 28 and Section 2000e of Title 42 of the United States Code.

3.  **JURY/NON-JURY:**

Jury.

4.  **LENGTH OF TRIAL:**

5 days.

5.  **FURTHER PROCEEDINGS:**

None.

6.  **NATURE OF CASE:**

a.  **all parties and all claims alleged in the complaint, being sure to specify who asserts which claim(s) against whom;**

The plaintiff, Melita Willoughby, claims that the defendant, Yale University, terminated her employment in retaliation for her complaints of gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 200e, et seq. The plaintiff intends to pursue this single claim at trial.

The defendant intends to prove that the plaintiff did not engage in a protected activity. Defendant further intends to prove that the plaintiff was terminated not in retaliation for making complaints of gender discrimination but rather because she had multiple disciplinary issues during her probationary period.

b.  **the claims that will be pursued at trial.**

The plaintiff, Melita Willoughby, claims that the defendant, Yale University, terminated her employment in retaliation for her complaints of gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 200e, et seq. The plaintiff intends to pursue this single claim at trial.

The defendant intends to prove that the plaintiff did not engage in a protected activity. Defendant further intends to prove that the plaintiff was terminated not in retaliation for

making complaints of gender discrimination but rather because she had multiple disciplinary issues during her probationary period.

  **c.**  **the defenses that will be pursued at trial, specifically noting any special defenses and to what count they relate.**

The defendant intends to prove that the plaintiff did not engage in a protected activity. Defendant further intends to prove that the plaintiff was terminated not in retaliation for making complaints of gender discrimination but rather because she had multiple disciplinary issues during her probationary period.

  **d.**  **an agreed, brief joint statement of the case that may be read to the jury.**

The plaintiff was hired by defendant as a causal employee at Yale University's Security Department on October 14, 2008. The plaintiff then applied for and accepted a full time position in the Security Department as a security officer on September 14, 2010. defendant on September 14, 2010. The plaintiff was terminated by the defendant Yale University on December 6, 2010. Ms. Willoughby claims that this occurred as a result of her complaints concerning hostile work environment at the Security department. The defendant claims that the plaintiff had multiple disciplinary and performance issues during her 90 day probationary period.

  **7.**  **TRIAL BY MAGISTRATE JUDGE:**

The plaintiff does not consent to a trial by Magistrate Judge.

  **8.**  **LIST OF WITNESSES**

**Plaintiff:**

**Melita Willoughby, Bethany, CT**

She will testify concerning the allegations of the complaint and her damages.

**Arthur Willoughby, Bethany, CT**

He will testify about plaintiffs damages as a result of her termination from Yale University.

**Millicent Bowens, Bethany, CT**

She will testify about an incident with Peter Leonardo and the plaintiff during the fall of 2010.

**Phil Lanier, Supervisor, Ahold USA**

He will testify about plaintiff's work history at Ahold USA prior to her employment with the defendant.

**Michael McNamara**
Signal 88 Security
150 Kunihlm Drive, Bldg 4
Hollisiton, Massachusetts 01746
774-314-2126

He will testify about plaintiff's work history at Signal 88, a private Security firm with a contract in New Haven, after the plaintiff left Yale University.

**Tom Helland, Yale University, Security Dept.**

He will testify concerning his knowledge of the plaintiff's work at Yale University.

**Reginald Chavis, Yale University, Security Dept.**

He will testify concerning his knowledge of the plaintiff's work at Yale University.

**William Abbott, Yale University Dept.**

He will testify about his work relationship with the plaintiff and statements by Peter Leonardo about the plaintiff.

**Paul Sarno, Yale University, Transit Dispatch**

He will testify about the 9/25/10 transit sign-in issues related to the plaintiff which was discussed Defendant's Ex. 18.

**Peter Leonard, Yale University, Security officer.**

He will testify about his work relationship with the plaintiff and his colleagues in the Security Department.

**Richard Nucci**

4

Security Supervisor 3
79 Howe Street
New Haven, CT 06511-2106

Mr. Nucci will testify as to the allegations set forth in the plaintiff's complaint and his investigation of her work activities.

**Paul Gallipoli**
Security Supervisor
79 Howe Street
New Haven, CT 06511-2106

Mr. Gallipoli will testify as to the allegations set forth in the plaintiff's complaint and his investigation of her work activities.

**Kristen Albis- Maloney**
Senior Human Resources Generalist
221 Whitney Avenue
New Haven, CT 06511-3760

Ms. Maloney will testify as to the allegations set forth in the plaintiff's complaint and her meetings with the plaintiff and other members of the Security Department during the fall of 2010.

**Francisco Ortiz**
Sorrento, FL 32776

Mr. Ortiz will testify as to the allegations set forth in the plaintiff's complaint.

**Dan Killen**
Director Security Operations
79 Howe Street
New Haven, CT 06511-2106

Mr. Killen will testify as to the allegations set forth in the plaintiff's complaint and his investigation of her work activities.

**Daniel Okin, Yale Student (2010)**

He will testify about a driving incident while he was a passenger in the plaintiff's transit vehicle during the evening of 11/19/10.

**Defendant:** **List of witnesses definitely to be called by defendant.**

**Richard Nucci**
Security Supervisor 3
79 Howe Street
New Haven, CT 06511-2106

Mr. Nucci will testify as to the allegations set forth in the plaintiff's complaint. Mr. Nucci will further testify that the plaintiff was terminated while on her probationary period as a result of poor performance. It is expected that Nucci's testimony will last approximately 3 hours.

**Paul Gallipoli**
Security Supervisor
79 Howe Street
New Haven, CT 06511-2106

Mr. Gallipoli will testify as to the allegations set forth in the plaintiff's complaint. Mr. Gallipoli will further testify that the plaintiff was terminated while on her probationary period as a result of poor performance. It is expected that Mr. Gallipoli's testimony will last approximately 3 hours.

**Kristen Albis-Maloney**
Senior Human Resources Generalist
221 Whitney Avenue
New Haven, CT 06511-3760

Ms. Maloney will testify as to the allegations set forth in the plaintiff's complaint. Ms. Maloney will further testify that the plaintiff was terminated while on her probationary period as a result of poor performance. It is expected that Ms. Maloney's testimony will last approximately 3 hours.

**Francisco Ortiz**
Sorrento, FL 32776

Mr. Ortiz will testify as to the allegations set forth in the plaintiff's complaint. Mr. Ortiz will further testify that the plaintiff was terminated while on her probationary period as a result of poor performance. It is expected that Mr. Ortiz's testimony will last approximately 3 hours.

**Daniel Killen**
Director Security Operations
79 Howe Street
New Haven, CT 06511-2106

Mr. Killen will testify as to the allegations set forth in the plaintiff's complaint. Mr. Killen will further testify that the plaintiff was terminated while on her probationary period as a result of poor performance. It is expected that Mr. Killen's testimony will last approximately 3 hours.

**Witnesses who may be called by defendant**

**Manuel Rivera**
Transit Dispatcher
79 Howe Street
New Haven, CT 06511-2106

Mr. Rivera will respond to plaintiff's allegations that he was rude or inappropriate to her over dispatch and/or was purposely sending her to incorrect addresses. Mr. Rivera will deny the plaintiff's claims. It is expected that Mr. Rivera's testimony will last approximately 3 hours.

**Reginald Chavis**
Security Supervisor 3
79 Howe Street
New Haven, CT 06511-2106

Mr. Chavis will testify as to the allegations set forth in the plaintiff's complaint. Mr. Chavis will further testify that the plaintiff was terminated while on her probationary period as a result of poor performance. It is expected that Mr. Killen's testimony will last approximately 3 hours.

9. **DEPOSITION TESTIMONY:**

No witness is expected to testify by deposition.

10. **INTERROGATORIES/REQUESTS TO ADMIT:**

N/A.

11. **EXHIBITS:**

**The defendant intends to object to the following exhibits: 13,**

| # | Document |
|---|---|
| 1 | Yale University Pay Stud- October 8, 2008 |
| 2 | Certification of Completion, International Police Mountain Bike Association Training Course, July 9, 2009 |
| 3 | Personnel File letters of thanks to plaintiff for her service e October 2008, May 2009, June 2010 |
| 4 | Yale university Notice of Employment dated September 14, 2010 |
| 5 | Email string dated October 1 through 3, 2010 RE: Radio dispatch issues |
| 6 | Email dated October 6, 2010 from Richard Nucci to Daniel Killen and Francisco Ortiz |
| 7 | Email dated October 29, 210 from Paul Gallipoli to Kristen Albis (Maloney) and Richard Nucci |
| 8 | Connecticut Police Accident Report dated November 12, 2010 |
| 9 | Plaintiffs Statement dated November 12, 2010 |
| 10 | Email dated November 20, 2010 from Paul Gallipoli to Ortiz, Killen, Albis Maloney RE: Driving complaint |
| 11 | Email dated November 30, 2010 from Paul Gallipoli to Killen Re: Follow up to Willoughby transit complaint |
| 12 | Letter dated December 6, 2010 from Francisco Ortiz to plaintiff terminating her employment with Yale |
| 13 | Ahold USA's 2007 and 2008 evaluation of plaintiff as store detective by Edward McGrath, supervisor |
| 14 | W-2 forms 2009-2015 |
| 15 | Tax return 2011 |
| 16 | Email between Paul Gallipoli/ Daniel Killen/ Francisco Ortiz/Rick Maffel dated September 25, 2010 regarding a complaint about Melita Willoughby from a student of rude and unprofessional behavior |
| 17 | Kristen Albis handwritten notes from meeting with Richard Nucci regarding issues with Melita Willoughby on October 7, 2010 |
| 18 | Email between Richard Nucci/ Kristen Albis/ Daniel Killen/ Francisco Ortiz dated October 8, 2010 regarding continuing conflict between Melita Willoughby and Pete Leonardo |
| 19 | Email between Paul Gallipoli/ Kristen Albis/ Richard Nucci dated October 28, 2010 regarding issues Melita Willoughby had with Pete Leonardo/ Manny Rivera |
| 20 | Yale University Memorandum from Richard Nucci to Daniel Killen dated November 9, 2010 regarding several negative situations during the probation period of Melita Willoughby |
| 21 | Yale University Memorandum from Daniel Killen to File dated November 9, 2010 regarding the work performance of Melita Willoughby |
| 22 | Yale University Memorandum from Richard Nucci to Meilta Willoughby dated November 11, 2010 regarding concerns and future expectations |
| 23 | Yale University Memorandum from Richard Nucci to Pete Leonardo dated November 11, 2010 regarding concerns and future expectations |
| 24 | Email between Richard Nucci/ Daniel Killen/ Kristen Albis dated November 11, 2010 regarding threatening comments by Melita Willoughby |
| 25 | Kristen Albis handwritten notes from meeting with Richard Nucci regarding concerns about Melita Willoughby and comments made by her |
| 26 | Yale University Risk Management Notice of Loss November 12, 2010 regarding Willoughby's vehicle making contact with a parked vehicle |
| 27 | Email between Blanche Temple/ Francisco Ortiz/ Kristen Albis dated December 1, 2010 regarding Melita Willoughby listening to music on ear phones while on duty |
| 28 | Email from Richard Nucci to Daniel Killen dated December 7, 2010 regarding Melita Willoughby's rude |

8

|    |                                                                                                                                                          |
|----|----------------------------------------------------------------------------------------------------------------------------------------------------------|
|    | and confrontational behavior with a Dean                                                                                                                 |
| 29 | Email between Kristen Albis/ Francisco Ortiz/ Daniel Killen dated December 14, 2010 regarding no evidence of wrong doing after review of all audio tapes between Melita Willoughby and dispatch |
| 30 | Pertinent portions of Yale University Policies and Procedures addressing probationary period                                                             |
| 31 | Unemployment 1099 from 2010                                                                                                                              |
| 32 | Tax return from 2012                                                                                                                                     |
| 33 | Tax return from 2014                                                                                                                                     |
| 35 | Tax return from 2015                                                                                                                                     |
| 34 | Signal 88 Screenshot of 2014 Gross wages                                                                                                                 |
| 36 | Yale Unemployment summary                                                                                                                                |
| 37 | Audio recording to Dispatch Re: Complaint regarding Melita Willoughby's driving                                                                          |
| 38 | Melita Willoughby Affidavit to CHRO dated May 24, 2011                                                                                                   |
| 39 | Complaint filed in United States District Court dated May 5, 2014                                                                                        |
| 40 | Email between Melita Willoughby and Janet Lindner dated December 15, 2010 regarding termination questions                                                |

**12.    ANTICIPATED EVIDENTIARY PROBLEMS:**

None.

**13.    MOTIONS IN LIMINE:**

N/A.

**14.    GLOSSARY:**

N/A.

**15.    TRIAL TO COURT/JURY:**

A.    A written stipulation of uncontroverted facts

1.    The plaintiff was hired by the defendant as a casual employee on October 14, 2008.

2.    Defendant hired plaintiff into a full-time position on September 14, 2010.

3.    The plaintiff was terminated on December 6, 2010 during her probartionary period.

4.    The plaintiff is not seeking any lost wages beyo0nd May 21, 2015

9

5. The lost wages which plaintiff claims total $89,293.00.

**B. An agreed statement of the contested issues of fact and law.**

  b. **Jury:**

    (1) **Proposed Voir Dire Questions: See Exhibit A attached hereto.**

    (2) **Proposed Jury Instructions: See Exhibit B attached hereto.**

    (3) **Jury Interrogatories: See Exhibit C attached hereto.**

**16. MANDATORY NOTICE RE: USE OF ELECTRONIC EQUIPMENT IN COURTROOM:**

Depending on the testimony of defendant's witnesses, the plaintiff may need to use electronic equipment to play portions of their testimony at the Commission on Human Rights and Opportunities fact-finding hearing.

Defendant will require a CD or MP3 player to play portions of a call from a member of the public pertaining plaintiff's reckless driving.

              PLAINTIFF MELITA WILLOUGHBY

          BY: /s/
                John R. Williams
                Katrena Engstrom
                Rose Longo-McLean
                Joseph M. Merly
                John R. Williams and Associates, LLC
                51 Elm Street
                New Haven, CT 06510
                Telephone: (203) 562-9931
                Fax: (203)776-9494
                kengstrom@johnrwilliams.com

DEFENDANT
YALE UNIVERSITY

By: _____/s/\_\_\_\_ct18777_____
BROCK T. DUBIN
DONAHUE, DURHAM & NOONAN, P.C.
Concept Park, Suite 306
741 Boston Post Road
Guilford, CT  06437
Telephone: (203) 458-9168
Fax: (203) 458-4424
Email: bdubin@ddnctlaw.com

## **CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                    /s/ (ct18777)
                                             Brock T. Dubin