UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| | : | |
| MELITA WILLOUGHBY | : | CIVIL ACTION NO. |
| | : | 3:14CV608 (JCH) |
| PLAINTIFF | : | |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| | : | |
| DEFENDANT | : | |
| | : | JUNE 17, 2016 |

## DEFENDANT'S PROPOSED AMENDMENTS TO JURY CHARGE

The defendant respectfully requests the following amendments to the Court's Pretrial Jury Instructions.  Additions are noted in bold type and deletions are noted in strikethrough type.

In addition, the plaintiff's retaliation claim is analyzed under the burden-shifting analysis set out in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973).  <u>See</u>, <u>Sarkis v. Ollie's Bargain Outlet</u>, 560 Fed. Appx. 27, 30 (2d Cir. 2014).  If the plaintiff establishes a <u>prima facie</u> case of retaliation, then the defendant has the burden of proffering a legitimate, non-retaliatory reason for its employment decision.  If the defendant does so, the burden then shifts back to the plaintiff to prove that the proffered reason was pretextual and that retaliation was the but for cause for the adverse employment action.  <u>Id.</u>

1. INTRODUCTION

You have now heard all of the evidence in the case and the final arguments of counsel. This brings us to the stage in the trial when you will soon undertake your final function as jurors. First, however, it is my duty to instruct you concerning the law that applies to this case.

You must take the law as I give it to you. Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than the view instructed by me. If any attorney or any witness or any exhibit has stated a legal principle different from one that I state to you in these instructions, it is my instructions that you must follow. Only my instructions establish the law for your deliberations. You must take the law as I give it to you.

At the outset of this trial, I gave you some preliminary instructions that were intended to serve as an introduction to the trial and to orient you to this case. The instructions that I give now are the final and complete instructions. If you believe that what I say now is inconsistent with the instructions I gave you at the start of the trial, you should not rely on anything that I may have said in the preliminary instructions that is different from the instructions I am now giving you. The instructions I am now giving you are the final instructions and must guide your deliberations in this case.

When you recess to deliberate, you will have your copy of these instructions on the law for your reference. Please understand that the instructions as a whole constitute the law of this case; you should not single out any one instruction.

2. ROLE OF JURORS

As members of the jury, you are the sole and exclusive judges of the facts. You consider the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them. In determining these issues, no one may intrude on your authority or function as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence.

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy, solely upon the evidence in the case and the applicable law. You should be guided solely by the evidence presented during trial, without regard to the consequences of your decision. You have been chosen to try the issues of fact and to reach a verdict on the basis of the evidence or lack of evidence.

~~All persons and parties stand equal before the law and are to be dealt with as equals in this, a court of justice.~~ **This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. The plaintiff is a natural person. The defendant, Yale University, is an institution. You must give no consideration to the fact that the defendant is an institution. A university is entitled to the same fair trial at your hands as if it were a natural person. The size of Yale University or its financial assets have no place in this trial. All persons, including institutions, must stand equally before you and are to be dealt with as equals in this Court. You must assess the claims and**

**defenses of both parties to this action without regard to their status and treat both parties in an equal and unbiased fashion.** I know that you will do this and in that way reach a just and true verdict. If you let sympathy or bias interfere with your clear thinking, there is a risk that you will not arrive at a fair and just verdict.

Because you are the sole and exclusive judges of the facts, I do not mean to indicate, in this charge, nor did I mean to indicate at any time during the trial, any opinion as to the facts or as to what your verdict should be. The rulings I have made during the trial are not any indication of a view of what your decision should be as to whether or not Ms. Willoughby has proven her case. Of course, you will dismiss from your mind completely any evidence which has been ruled out of the case by the court, and you will refrain from any speculation or guesswork about the nature or effect of any conversation between the court and counsel held out of your hearing.

I also instruct you to draw no inference from the fact that, upon occasion, I may have asked questions of, or given instructions to, a witness. These questions and instructions were intended only for clarification or to expedite matters and certainly were not intended to suggest any opinion on my part as to the verdict you should render, or as to whether any of the witnesses may have been more or less credible than any other witnesses.

Also, you may not draw any inference from the mere fact that Ms. Willoughby has filed this lawsuit.

As to the facts, you are the exclusive judges, and you are to perform the duty of finding the facts fairly, without bias or prejudice to any party.

4

## 3. ROLE OF ATTORNEYS

It is the duty of the attorneys on each side of the case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings on issues of law.

All those questions of law must be decided by the court. You should not show any prejudice against an attorney or the client because the attorney objected to the admissibility of evidence, or asked the court to rule on the law.

Similarly, one cannot help becoming involved with the personalities and styles of the attorneys, but it is important for you as jurors to recognize that this is not a contest among attorneys. You are to decide this case solely on the basis of the evidence.

Remember, statements and characterizations of the evidence by the attorneys are not evidence. Insofar as you find their opening statements and closing arguments helpful, take advantage of them, but it is your memory and your evaluation of the evidence in the case that counts.

## 4. BURDEN OF PROOF

In a civil case such as this, the plaintiff has the burden of proving each element of her claim by a preponderance of the evidence. In determining whether Ms. Willoughby has satisfied her burden, bear in mind that you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have introduced them.

To prove a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. Therefore, Ms. Willoughby must prove more than that the evidence equally supports each side. If, after considering all of the evidence and testimony on a given issue, you find that both sides of the issue are equally probable, then Ms. Willoughby has failed to sustain her burden, and you must decide that issue against her.

However, when the burden is a preponderance of the evidence, a plaintiff only needs to prove a fact by a preponderance. As I indicated, a preponderance of the evidence means the greater weight of the evidence; it refers to the quality and persuasiveness of the evidence, not to the number of witnesses or exhibits. So long as you find that the scales tip, however slightly, in favor of Ms. Willoughby on an element, then that element will have been proven by a preponderance of the evidence.

You may have heard the phrase "proof beyond a reasonable doubt." That standard is the proper standard of proof in a criminal trial. The case before you is a civil case, and that standard does not apply to a civil case. Therefore, you should not consider the criminal burden of proof in this case.

Throughout these instructions to you, I may use the word "prove" from time to time, with reference to the burden of proof. I may also speak of your "finding" various facts as to elements of the claim made in this case. You are to understand my use of the word "prove" to mean "prove by a preponderance of the evidence," even if I do not always repeat all these exact words. Similarly, when I say that you must "find" a fact in order to return a verdict in

favor of the plaintiff, you must find that fact to have been proved by a preponderance of the evidence, even if I simply use the word "find."

5. WHAT IS AND IS NOT EVIDENCE

The evidence in this case consists of the sworn testimony of the witnesses and the exhibits received in evidence as full exhibits, without regard to which side called the witness or offered the exhibit.

It is the witnesses' answers and not the lawyers' questions that are evidence. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and then asked the witness if the statement was true. If the witness admitted the truth of the statement, then you may consider it true. If the witness denied the truth of the statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question. Similarly, if an attorney described a witness's testimony, you should not accept that as the witness's testimony. It is your recollection of the witness's testimony that controls.

The lawyers are not witnesses. What the lawyers have said in their opening statements and their closing arguments, in their objections, or in their questions, is not evidence. What they have said in their closing arguments is intended to help you understand the evidence and to reach your verdict. However, if your recollection of the facts differs from what a lawyer says in closing argument, it is your recollection that controls.

Testimony that has been stricken or excluded by the court is also not evidence and you may not consider it in rendering your verdict. In certain instances, evidence may have

been admitted only for a particular purpose and not generally for all purposes. For the limited purpose for which it has been received, you may give such evidence the weight you decide it deserves. You may not, however, use this evidence for any other purpose not specifically mentioned by the court.

Anything I may have said during the trial, or what I may convey in these instructions, is not evidence. My rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. Finally, anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

6. STIPULATION

In this case, you have heard reference to a "stipulation" or that some fact is "stipulated." When the attorneys on both sides stipulate or agree as to the existence of a fact, you should accept the stipulation as evidence and regard that fact as proven. The fact that the plaintiff and the defendant have stipulated to or agreed to certain facts should not be viewed by you as any admission by the defendant of wrongdoing.

7. DIRECT AND CIRCUMSTANTIAL EVIDENCE

Generally speaking, there are two types of evidence. One type of evidence is direct evidence. Direct evidence is evidence presented by a witness who testifies to what he saw, heard, or observed. In other words, when a witness testifies about something he knows by virtue of his own senses, such as seeing, touching, or hearing, that is called direct evidence.

Direct evidence may also be in the form of an exhibit where the fact to be proved is the existence or content of the exhibit.

The other type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. That is, circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. Remember my rain example. On the combination of facts that I asked you to assume, it would be reasonable and logical for you to conclude that it is raining. It is not the only conclusion you could reach, nor would you have to reach that conclusion, but you could do so reasonably and logically. All there is to circumstantial evidence is that you infer, on the basis of reason, experience, and common sense, from one or more established facts (in my example, people with wet umbrellas, hair, and raincoats, and the forecast) the existence or non-existence of some other fact (that it had been raining).

Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that your verdict be based on a preponderance of all the evidence presented.

8. INFERENCES

In their arguments, the parties may have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact. An inference is not a suspicion, guess, speculation, or conjecture. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether those facts are proven by direct or circumstantial evidence. The plaintiff may ask you to draw one set of inferences, while the defendant may ask you to draw another. These inferences are deductions or conclusions which you, the jury, are permitted to draw, but are not required to draw, from the facts which have been established by either direct or circumstantial evidence. It is for you, and you alone, to decide what inferences you will draw. In drawing inferences, you should exercise your common sense.

Some claims may require a jury to determine whether the plaintiff has proven a particular state of mind or purpose on the part of a person. Direct proof of a person's state of mind or purpose is not always available and is not required. Instead, you are permitted, but not required, to infer that a person acted with a particular state of mind or purpose, based on circumstantial evidence.

9. DETERMINING THE CREDIBILITY OF WITNESSES

You have had the opportunity to observe the witnesses. It is now your job to decide how believable each witness was in his testimony. You and you alone are the judges of the credibility of each witness, which testimony to believe and which not to believe, and the importance of a witness's testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness? When you watched a witness testify, everything that witness said or did on the witness stand counts in your determination. What impression did the witness give you? How did the witness appear? Did he appear to be frank, forthright, and candid, or evasive and edgy, as if hiding something? What was his demeanor, that is, his carriage, behavior, bearing, manner, and appearance while testifying? Often it is not what a person says, but how he says it that informs us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party. You should consider the opportunity the witness had to see, hear, and know the things about which he testified; the accuracy of the witness's memory; his candor or lack of candor; his intelligence or lack thereof; and the reasonableness and probability of his testimony, its consistency or lack of consistency with other credible testimony, and its corroboration or lack of corroboration by other credible testimony.

If you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony, and accept it with care. Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

11

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause you to discredit such testimony. Two or more persons participating in an event, or witnessing an incident or transaction, may see or hear it differently; an innocent mistake in remembering, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an insignificant detail, and whether the discrepancy results from innocent error or from intentional falsehood.

You are not limited to the factors I have mentioned. You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. Always remember that in assessing a witness's testimony, you should use your common sense, your good judgment, and your own life experience.

## 10. IMPEACHMENT OF A WITNESS

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a matter, or by evidence that, at some other time, the witness said or did something inconsistent with the witness's present testimony. It is your exclusive province to give the testimony of each witness such credibility or weight, if any, that you think it deserves.

If you find that a witness testified untruthfully in some respect, you may consider that fact in deciding what credence you will attach to that witness's testimony. Considering that fact and all other relevant evidence, you may accept or reject the testimony of such a witness, in whole or in part.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; and whether the witness had an explanation for the inconsistency, and whether that explanation made sense to you.

## 11. STATEMENT OF THE CASE

The plaintiff, Melita Willoughby, filed her complaint because she was fired from her job as a security guard for Yale University. She claims she was fired in retaliation for complaining to her supervisors about alleged incidents of sexual harassment by her co-worker.

The defendant, Yale University, denies retaliating against Ms. Willoughby and claims that she was fired for legitimate, non-retaliatory reasons.

## 12. TITLE VII (RETALIATION)

Let me now turn to the specific legal claim in this case. Ms. Willoughby claims that Yale University violated Title VII of the Civil Rights Act. I will refer to the law from now on as "Title VII." Title VII provides that an employer may not retaliate against an employee because the employee complained about perceived discrimination on the basis of sex. In order to prove her Title VII claim, the burden is on Ms. Willoughby to prove each of the following elements by a preponderance of the evidence:

1)      She participated in protected activity that was known to the defendant;

2)      Adverse employment action was taken against Ms. Willoughby that might have dissuaded a reasonable worker from making or supporting a charge of discrimination; and

3)      A causal relationship existed between Ms. Willoughby's protected activity and the adverse employment action against her.

The parties have stipulated that Ms. Willoughby suffered an adverse employment action when her employment was terminated. You have only to determine the first and third elements—whether Ms. Willoughby engaged in protected activity that was known to the defendant, and that she was terminated because of that protected activity.

Let me now turn to the first element.

13. FIRST ELEMENT: PROTECTED ACTIVITY KNOWN TO EMPLOYER

~~Activity that is "protected" under Title VII includes both filing formal charges of employment discrimination as well as making informal complaints about sexual discrimination for employment practices.~~  **Not every permissible activity is a protected activity under the anti-discrimination laws. The term "protected activity" refers to action taken to protest or oppose statutorily prohibited discrimination. Absent a claim of unlawful discrimination, general complaints about employment concerns do not constitute protected activity under Title VII.  In order to prove that she engaged in a protected activity, Ms. Willoughby must demonstrate that she complained that she was being discriminated against because of her gender or that she was subjected to a hostile work environment. Gender discrimination requires that the plaintiff be treated less**

**favorably because of her gender.  A hostile work environment arises from conduct that creates an environment that a reasonable person would find hostile or abusive and that creates such an environment because of the plaintiff's sex.  A hostile work environment requires that the workplace be permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of the plaintiff's work environment. Complaints about a co-worker's statements or conduct which do not suggest that the co-worker discriminated against the plaintiff do not constitute protected activity.**

Ms. Willoughby need not prove the merits of her complaint that she was subjected to sexual discrimination or a hostile work environment. However, she must prove by a preponderance of the evidence that she complained to Yale University under a good faith belief that her right to be free from discrimination on the basis of her sex had been violated.

~~The protected activity claimed by Plaintiff are the complaints of discrimination by her co-worker to her supervisors during the six months that she was on her probationary period.~~ The plaintiff claims that she engaged in protected activity when she complained to her supervisors during the ninety days that she was on her probationary period that she had been sexually harassed by her co-worker.  **If the plaintiff did not tell her supervisors that she was being discriminated against because of her gender or that she was subjected to a hostile work environment because of her gender, then you cannot find that the plaintiff engaged in a protected activity.**

Ms. Willoughby must also prove by a preponderance of the evidence that the defendant, Yale University, was aware of her complaints. You may conclude that she has carried her burden by finding that the circumstances evidence knowledge, on the part of her employer, of the protected activity.

**If you conclude that the plaintiff did not engage in a protected activity or that the defendant was unaware of the protected activity, then you must render a verdict for the defendant.**

14. THIRD ELEMENT: CAUSATION

Ms. Willoughby must also prove, by a preponderance of the evidence, that her protected activity was a but-for cause of her adverse employment action. **In order to satisfy this standard, the plaintiff must prove that her termination would not have occurred in the absence of a retaliatory motive on the part of the defendant.** That is, she must prove that, if she had not complained about sexual harassment, she would not have been fired. **When determining whether Ms. Willoughby has proven causation, you should remember that Ms. Willoughby testified that she was hired into the full-time position and then terminated three months later by the same person.  Where the person who made the decision to fire was the same person who made the decision to hire, it is difficult to impute an invidious motivation.**

As with the other elements of her case, Ms. Willoughby may prove causation by circumstantial evidence or direct evidence. Direct evidence may include written or oral statements concerning her employer's state of mind. Circumstantial evidence may include

evidence that her termination followed closely in time with her complaints. **In this regard, the plaintiff testified that the majority of the incidents about which she complained occurred in 2008 and 2009, more than a year prior to her termination in December, 2010, and she complained about most of those incidents at the time they occurred. She had no complaints from September, 2009 to September, 2010.   You should also remember that the defendant hired the plaintiff as a full-time employee in September, 2010, after she had first voiced her complaints.**

If the plaintiff has not proven a causal connection between her complaints about her co-workers' conduct and her termination, then you must find in favor of the defendant.

## 15. LEGITIMATE, NON-RETALIATORY REASON FOR TERMINATION

If you find that Ms. Willoughby proved all of the elements of a <u>prima</u> <u>facie</u> case of her claim of retaliation, then she has established a presumption of retaliation. However, this would not end the case. Yale University then would have the burden to articulate a legitimate, non-retaliatory business reason for its action. Any stated reason is sufficient; it does not need to be a reason you would find satisfactory. Yale University does not need to prove to you that the stated reason was the actual reason for terminating the plaintiff's employment. Yale University has submitted evidence that, during her three month probationary period, Ms. Willoughby:

-   was rude to a student passenger, causing the student to complain about the Ms. Willoughby to a supervisor;

- **could not be located for a two hour period while on duty;**

- **was rude to her supervisor and threatened, "I'm just going to wait until my 90 days are up before blowing the lid on this place;"**

- **had several confrontations and conflicts with her co-workers;**

- **unreasonably accused a co-worker of deliberately sending her to an incorrect address;**

- **was confrontational with a college Dean;**

- **challenged her supervisor's managerial decisions;**

- **made a threatening remark to a supervisor about a co-worker;**

- **was involved in a motor vehicle accident for which she was at fault; and**

- **had a negative driving interaction with a member of the public, which resulted in a complaint to a supervisor.**

**Ms. Willoughby was counseled by her supervisors and met with the Department of Human Resources regarding her behavior. If you find that the defendant has provided a legitimate, non-retaliatory reason for terminating the plaintiff, then the burden shifts back to the plaintiff to prove that the defendant intended to retaliate against her and that retaliation was the but-for cause of her termination.**

**16.** DAMAGES: GENERAL

The fact that I charge you on the law governing damages should not be taken as a suggestion that you should necessarily reach the issue of damages. It is your function to decide the issue of liability; I am instructing you on the elements of damages only so that you

will have guidance, should you decide that Ms. Willoughby is entitled to recover damages on her claim.

You should not consider the question of damages unless and until you find that Yale University is liable to Ms. Willoughby. You should award damages only for those injuries caused by Yale University's conduct that you find satisfies the elements of the cause of action claimed in this lawsuit, in accordance with these instructions.

~~There is only type of damages that Ms. Willoughby is seeking, which I will explain to you now.~~

**17.** COMPENSATORY DAMAGES

Ms. Willoughby seeks compensatory damages, the purpose of which is to award, as far as possible, fair and just compensation. Compensatory damages seek to make a plaintiff whole – that is, to compensate for the damages that she suffered. These damages may include actual loss of time or money, such as lost wages, which are known as "economic damages." Compensatory damages may also compensate for pain and suffering, including both the tangible and intangible aspects of injury, mental anguish, and other non-pecuniary losses, which are known as "non-economic damages."

Ms. Willoughby is only entitled to recover those damages that were proximately caused by Yale University's wrongful conduct. An act is the proximate cause of damages suffered if the act was a substantial factor in bringing about or actually causing the damages, and if the damages were either a direct result of, or a reasonably foreseeable consequence of, the party's act.

The problem of estimating damages in a case of this sort is not easy. You are not at liberty to guess or infer what the damages are. You must use your best judgment, remembering always that it is incumbent upon Ms. Willoughby, even if you find that she is entitled to recover, to prove by a fair preponderance of the evidence the amount of the damages to which she is entitled.

Ms. Willoughby may recover fair, reasonable, and just compensation for only those elements of damage she has proven were caused by Yale University's acts, and which acts satisfied the elements of Ms. Willoughby's Title VII claim. Compensatory damages must not be based on speculation or sympathy. Nor may damages be based on the abstract "value" or "importance" of a federal right. Damages must be based on the evidence at trial. On the other hand, the law does not require Ms. Willoughby to prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

There is no exact standard for fixing compensatory damages. This is a matter that is left to the conscience, good sense, and sound judgment of the jury. You should not act unreasonably through bias, passion, or sympathy, but rather should exercise common sense and fix an amount of damages that, in accordance with the evidence and the law, will fairly compensate Ms. Willoughby for any injuries suffered by conduct that violated Title VII.

**18.** PUNITIVE DAMAGES

Ms. Willoughby also seeks punitive damages. A plaintiff may recover punitive damages if she has suffered an adverse employment action in retaliation for engaging in

protected activity under Title VII. You must decide if punitive damages should be awarded against Yale University if you find it liable on Ms. Willoughby's retaliation claim.

However, it is within your discretion to award punitive damages – you are not required to award them. You may only award punitive damages against Yale University if you find that Yale University engaged in unlawful conduct with malice or with reckless indifference to a plaintiff's rights. A person acts with "malice" when he acts with a deliberate intent to commit an injury. A person acts with "reckless indifference" when he acts with conscious disregard of the harm that his actions could have on the interests or rights of another.

The purpose of an award of punitive damages is both to punish a wrongdoer for misconduct and to warn others against engaging in this type of conduct. Punitive damages, when appropriate, are intended to protect the community and to be an expression of the jury's indignation at the misconduct. Thus, in deciding whether to award punitive damages, you should consider whether a defendant may be adequately punished by an award of compensatory damages only, or whether the conduct was so extreme and outrageous that compensatory damages are inadequate to punish the wrongful conduct. You should also consider whether compensatory damages standing alone are likely to deter or prevent the defendant from again performing any wrongful acts it may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other parties from performing wrongful acts similar to those the defendant may have committed.

**19.** NOTE TAKING

I have now concluded the instructions relating to the specific claim in this case. In closing, I must add a few general instructions concerning your deliberations. You were permitted to take notes during the course of the trial. Any notes you have taken should be used only as memory aids; do not give your notes precedence over your independent recollection of the evidence. If you did not take notes, you should rely on your own recollection of the proceedings and should not be influenced by the notes of other jurors.

**20..** CLOSING REMARKS

Let me now say a few words about your deliberations. First, keep in mind that nothing I have said in these instructions – indeed, nothing I have said or done during this trial – is intended to suggest to you in any way what I think your verdict should be. That is entirely for you to decide.

When you retire to the jury room, it is your duty to discuss the case with your fellow jurors for the purpose of reaching agreement if you can do so. Each of you must decide the case for yourself, but you should do so only after considering all the evidence, listening to the views of your fellow jurors, and discussing the case fully with the other jurors.

It is important that you reach a verdict only if you can do so conscientiously. You should not hesitate to reconsider your own opinions from time to time, and to change them if you become convinced that they are wrong. However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.

Remember that your verdict must be unanimous. If you take a vote during deliberations and you are not unanimous, then you have not reached a final decision one way or another and should continue to deliberate.

Remember also that your verdict must be based solely on the evidence in the case as you have found it and the law as I have given it to you, not on anything else. Closing arguments, or other statements or arguments of counsel, are not evidence. If your recollection differs from the way counsel has stated the facts, then your recollection controls.

Remember at all times that you are not a party to this case. Rather, you are the judges of the facts, and your sole interest is to seek the truth from the evidence in this case.

The instructions that I gave you at the beginning of the case about outside factors apply during your deliberations. Do not discuss this case with anyone outside the jury deliberation room, even with your fellow jurors. Also, do not read or listen to any outside information about the case during your deliberations. And do not try to do any research or make any investigation. And, of course, continue to refrain from speaking to the parties, their attorneys, the witnesses, and me.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to

communicate with anyone any information about this case or to conduct any research about this case until I accept your verdict.

Upon retiring to the jury room, you should first elect one among you to act as your foreperson, who will preside over your deliberations and will be your spokesperson here in court. After you have retired to begin your deliberations, you are not to leave your jury room without first notifying the court security officer seated outside the room, who will escort you. No deliberations may take place without all jurors being present.

A Verdict Form has been prepared for your convenience. The Verdict Form is made up of questions concerning the important issues in this case. The Verdict Form is not evidence in this case, nor should you view it as supplementing or modifying in any way my instructions to you on the law. Your answers must reflect the conscientious judgment of each juror and must be unanimous. The Verdict Form includes instructions to guide you in filling it out, and follows the order of these instructions. You should answer every question, except where the Verdict Form indicates otherwise. I suggest that you start at the beginning, and work your way through, following the instructions carefully.

You will take the Verdict Form to the jury room and answer the questions asked. When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers, and then date and sign the Verdict Form. Then inform the court security officer that you have reached a verdict. I stress that each of you must be in agreement with the verdict as contained in the Verdict Form and announced in court. Your verdict must be unanimous.

You are about to go into the jury room to begin your deliberations. Please wait to begin deliberations until the deputy clerk brings in to you the Verdict Form and exhibits. It will take a few minutes to gather the exhibits. If you want any of the testimony read, you must request that. Please remember that it is not always easy to locate what you might want. Therefore, if you feel you need testimony read back, be as specific as possible in your request. Any communication with the court should be made to me in writing, signed by your foreperson, and given to the court security officer. If you send out a question, I will consult with the parties before answering it, which may take some time. You may, if you can, continue your deliberations while waiting for the answer to any question. I will respond to your request as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.

I must also caution you that, in your communications with the court, you should never indicate in any way how the jury stands, numerically or otherwise. Never disclose any vote count in any note to the court.

It is proper to add a final caution. Nothing that I have said in these instructions, and nothing that I have said or done during the trial, has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility.

This completes my instructions to you. Thank you for your service so far and thank you in advance for your careful and thoughtful deliberations.

DEFENDANT
YALE UNIVERSITY


By:_____/s/_____
        BROCK T. DUBIN – CT18777
        Donahue, Durham & Noonan, P.C.
        Concept Park, Suite 306
        741 Boston Post Road
        Guilford, CT   06437
        Telephone:  (203) 458-9168
        Fax:  (203) 458-4424
        Email:  bdubin@ddnctlaw.com


**CERTIFICATION**

    I hereby certify that, on the above written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic mail.  Notice of this filing was sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated in the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


        _____/s/_____
        BROCK T. DUBIN