UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MELITA WILLOUGHBY | : | CIVIL ACTION NO. |
| | : | 3:14CV608 (JCH) |
| PLAINTIFF | : | |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| | : | |
| DEFENDANT | : | |
| | : | JUNE 21, 2016 |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS RE:  RETALIATION**

In this case, the plaintiff alleges that the defendant violated Title VII when it terminated her employment in retaliation for her complaints of gender discrimination and sexual harassment.  The plaintiff's initial burden is to prove a prima facie case of retaliation by demonstrating that she participated in a protected activity known to the defendant; that she suffered an adverse employment action; and a causal connection between the protected activity and the adverse employment action.  The parties have stipulated that the plaintiff suffered an adverse employment action when her employment was terminated.  Thus, you must only decide (1) whether the plaintiff has demonstrated that she participated in a protected activity known to the defendant and (2) whether the plaintiff has demonstrated a causal connection between the protected activity and the adverse employment action.  If the plaintiff has failed to prove these two elements, you must render a verdict in favor of the defendant.  If the plaintiff establishes these two elements, the burden then shifts to the

defendant to articulate a legitimate, non-retaliatory reason for its actions. If the defendant does so, the presumption of retaliation dissipates, and the employee must show that the proffered reason was pretextual and that retaliation was the but-for cause of her termination. In other words, in order to render a verdict in favor of the plaintiff, you must find that she has proven that she would not have been terminated in the absence of retaliation by the defendant.

<div style="text-align: right;">Sarkis v. Ollie's Bargain Outlet, 560 Fed. Appx. 27, 30 (2d Cir. 2014); Univ. of Tex. Southwestern Med. Ctr. v. Nassar, 133 S.Ct. 2517, 2533 (2013).</div>

### A. Protected Activity

To state a viable claim for retaliation, the plaintiff must first establish that she engaged in a "protected activity." Not every permissible activity is a protected activity under the anti-discrimination laws. The term "protected activity" refers to action taken to protest or oppose statutorily prohibited discrimination. Absent a claim of unlawful discrimination, general complaints about employment concerns do not constitute protected activity under Title VII. In order to prove that she engaged in a protected activity, the plaintiff must show that the defendant could reasonably have understood that the her complaint was directed at conduct prohibited by Title VII, in this case gender discrimination.

Gender discrimination requires that the plaintiff be treated less favorably because of her gender. An employer may take adverse employment action against an employee for any reason that is non-discriminatory, despite the fact that it may be unbecoming or small-

minded.  Title VII provides no remedy for mistreatment if it is not based on gender or some other unlawful reason.  A gender-based hostile work environment arises from conduct that creates an environment that a reasonable person would find hostile or abusive and that creates such an environment because of the plaintiff's sex.  The workplace must be permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of the plaintiff's work environment.  Occasional actions on the part of the defendant are not sufficient.  A gender-based hostile work environment cannot be found where the plaintiff's personality is the motivation for the harassment or where the hostility is the result of a clash of personalities.  Rather, the plaintiff must demonstrate that the conduct occurred because of her gender.

If the plaintiff fails to prove by a preponderance of the evidence that she complained to the defendant that she suffered gender discrimination or a gender-based hostile work environment, then she has failed to establish that she engaged in a protected activity known to the defendant.  When addressing this element, remember that the plaintiff must show that the defendant should reasonably have understood that her complaint was directed at conduct prohibited by Title VII.  If the plaintiff did not complain to the defendant that she was being discriminated against because of her gender or that she was subjected to a hostile work environment because of her gender, then you cannot find that the plaintiff engaged in a protected activity.  In that circumstance, your verdict would have to be in favor of the defendant.

<p style="text-align:right">Cruz v. Coach Store, Inc., 202<br>F.3d 560, 566 (2d Cir. 2000);</p>

<div style="margin-left:50%">Aiello v. Stamford Hospital, 2011 U.S. Dist. LEXIS 87121 *66 (August 11, 2011), aff'd, 487 Fed. Appx. 677 (2012); Woods v. N.M.C. Labs., 162 F.3d 1149 [published in full-text format at 1998 U.S. App. LEXIS 22088] (2d Cir. 1998); Duckett v. Wal-Mart Stores, Inc., 2009 U.S. Dist. LEXIS 31624, *24 (W.D.N.Y. April 14, 2009); Delaney v. LaHood, 2009 U.S. Dist. LEXIS 91293, *67 (E.D.N.Y. September 30, 2009); Gregory v. Daly, 243 F.3d 687, 691-92 (2d Cir. 2001); Carter v. New Venture Gear, Inc., 310 Fed. Appx. 454, 457-58 (2d Cir. 2009); Quinn v. Green Tree Credit Corp., 159 F.3d 759, 766 (2d Cir. 1998); Figueroa v. City of N.Y., 2002 U.S. Dist. LEXIS 18340 *10 (S.D.N.Y. Sep. 24, 2002), aff'd, 118 Fed. Appx. 524 (2d Cir. 2004).</div>

**B.** **Causal Connection**

The plaintiff must demonstrate a causal connection between her complaints regarding her co-workers' conduct and her termination. Proof of causation can be shown either: (1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant.

It is important to note that where the person who made the decision to fire was the same person who made the decision to hire, it is difficult to impute an invidious motivation. To put it another way, where the same person who hired the plaintiff later fires her, there arises a presumption that the firing was not retaliatory. If the plaintiff has not proven a causal connection between her complaints about her co-workers' conduct and her termination, then you must find in favor of the defendant.

> Gordon v. N.Y.C. Bd. of Educ., 232 F.3d 111, 117 (2d Cir. 2000); Schnabel v. Abramson, 232 F.3d 83, 91 (2d Cir. 2000).

### C. Legitimate, Non-Retaliatory Reason

If you find that the plaintiff proved all three elements of a prima facie case of her claim of retaliation, then the plaintiff has established a presumption of retaliation. However, this would not end the case. The defendant then would have the burden to articulate a legitimate, non-retaliatory business reason for its action. Any stated reason is sufficient; it does not need to be a reason you would find satisfactory. The defendant does not need to prove to you that the stated reason was the actual reason for its actions. If you find that the defendant has provided a legitimate, non-retaliatory reason for terminating the plaintiff, then the burden shifts back to the plaintiff to prove that the defendant intended to retaliate against her and that retaliation was the but-for cause of her termination.

> St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506-07 (1993); Spence v. Maryland Casualty Co., 995 F.2d 1147, 1155 (2d Cir.1993); Maresco v. Evans

<div style="text-align: right">Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 110 (2d Cir.1992); Gallo v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219, 1225 (2d Cir. 1994).</div>

### D.  **But-For Causation**

The plaintiff must show that retaliation was the "but-for" cause of her termination, and not simply a "substantial" or "motivating" factor in the defendant's decision.  In order to satisfy this standard, the plaintiff must prove that her termination would not have occurred in the absence of a retaliatory motive on the part of the defendant.  In other words, the plaintiff must demonstrate that she would have remained employed if the retaliation had not occurred.  If the plaintiff has failed to prove that she would not have been terminated in the absence of retaliation, then you must find in favor Yale University.

<div style="text-align: right">Univ. of Tex. Southwestern Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2534 (2013); Kwan v. Andalex Group, LLC, 737 F.3d 834, 845-47 (2d Cir. 2013).</div>

<div style="text-align: center">DEFENDANT</div>

YALE UNIVERSITY


By:_____/s/_____
    BROCK T. DUBIN – CT18777
    Donahue, Durham & Noonan, P.C.
    Concept Park, Suite 306
    741 Boston Post Road
    Guilford, CT   06437
    Telephone:  (203) 458-9168
    Fax:  (203) 458-4424
    Email:  bdubin@ddnctlaw.com


**CERTIFICATION**

I hereby certify that, on the above written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic mail.  Notice of this filing was sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated in the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


_____/s/_____
BROCK T. DUBIN